# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE:          :

  John A. Figueroa Padilla &  :

  Irma I. López Valentín    :    **CASE NO. 07-07495 ESL**

            :       **Chapter 13**

  Debtor(s)       :

            :

_____  :

## OPINION AND ORDER

This case is before the court upon the Chapter 13 trustee's objection to the confirmation of debtors' amended plan dated August 30, 2008, and the debtors' reply.

The trustee alleges that the plan was not proposed in good faith and fails to comply with the feasibility requirements of 11 U.S.C. §1325(a)(6)[1]. The trustee states that: the plan fails to provide all of debtors' projected disposable income, as opposed to the disposable income shown in Form B22C[2]; the debtors have submitted inconsistent information in Schedule I (Current Income of Individual Debtors) and Schedule J (Current Expenditures of Individual Debtors), particularly on the tax refunds, GI Bill Benefits, retirement deductions, and 401k deductions; the expenses claimed by the debtors are not reasonable (transportation expenses, school tuition, cellular phone charges, mandatory retirement deductions, and voluntary 401k deductions); the debtors fail to include reimbursement for school expenses as income; the proposed plan is not feasible as the real net income of $6,292 is insufficient to pay scheduled expenses in the amount of $7,310; and that the plan

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

[2] Form B22C is the Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income.

- 2 -

is not proposed in good faith because of their unjustified and unreasonable expenses.

The debtors allege that they have committed all their disposable income as required by 11 U.S.C. §1325(b)(1)(B) since the amount is that in Form B22C. Debtors rely in the opinion by the Ninth Circuit in In re Kangenveama, 527 F.3d 990 (9th Cir. 2008). Debtors allege that the plan is proposed in good faith as it comports with § 1325 by proposing to pay the amounts indicated in Form 22C.

Background

The debtors filed their Chapter 13 petition on December 20, 2007. Their household size is five. The debtors are above median family income. The applicable commitment period is 60 months. Form B22C shows a disposable income of $0.00.

Statutory Construction

Traditionally, questions of statutory interpretation begin with the plain language of the statute and consider the language in the context of the statutory scheme, avoiding statutory constructions that create "absurd, illogical or inconsistent results." General Motors Corp. v. Darling's Auto Mall, 444 F.3d 98, 108 (1st Cir. 2006); see also United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989). BAPCPA's drafting may have given statutory construction a new dimension. Jean Braucher, A Guide to Interpretation of the 2005 Bankruptcy Law, 16 Am. Bankr. Inst. L. Rev. 349, 249 (Winter 2008); Hon. Thomas F. Waldron and Neil M. Berman, Principled Principles of Statutory Interpretation: A Judicial Perspective After Two Years of BAPCPA, 81 Am. Bankr. L.J. 195, 197.

Projected Disposable Income and Expenses

The First Circuit Bankruptcy Appellate Panel has concluded that "projected" disposable income is forward looking and that courts should look to schedules I and J (rather than Form B22C) where the debtor's "current monthly income" amount is not true to the debtor's actual income.

- 3 -

Kibbe v. Sumski (In re Kibbe), 361 B.R. 302, 312 (B.A.P. 1st Cir. 2007).

A determination of the amounts that an above-median income Chapter 13 debtor must pay unsecured creditors under BAPCPA has two basic components, income and expenses. Under § 1325(b)(1)(B)[3], if the trustee or an unsecured creditor objects to confirmation of the plan, the bankruptcy court may not confirm the plan unless the plan "provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that

---

[3] Section 1325(b) provides as follows:

(b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation the plan, then the court may not approve the plan unless, as of the effective date of the plan-
 (A) the value of the property to be distributed under the plan on account of such
 claim is not less than the amount of such claim; or
 (B) the plan provides that all of the debtor's projected disposable income to be
 received in the applicable commitment period beginning on the date that the first
 payment is due under the plan will be applied to make payments to unsecured creditors
 under the plan.
(2) For purposes of this subsection, the term "disposable income" means current monthly income received by the debtor (other than child support payments, foster care payments, or disability payments for a dependent child made in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child) less amounts reasonably necessary to be expended--
 (A)(i) for the maintenance or support of the debtor or a dependent of the debtor, or
 for a domestic support obligation, that first becomes payable after the date the
 petition is filed; and
 (ii) for charitable contributions (that meet the definition of 'charitable contribution'
 under section 548(d)(3) to a qualified religious or charitable entity or organization (as
 defined in section 548(d)(4)) in an amount not to exceed 15 percent of gross income of
 the debtor for the year in which the contributions are made; and
 (B) if the debtor is engaged in business, for the payment of expenditures necessary
 for the continuation, preservation, and operation of such business.
(3) Amounts reasonably necessary to be expended under paragraph (2), other than subparagraph (A)(ii) of paragraph (2), shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2), if the debtor has a current monthly income, when multiplied by 12, greater than—
 (A) in the case of a debtor in a household of 1 person, the median family income of the
 applicable State for 1 earner;
 (B) in the case of a debtor in a household of 2, 3, or 4 individuals, the highest median
 income of the applicable State for a family of the same number or fewer individuals; or
 (C) in the case of a debtor in a household exceeding 4 individuals, the highest median
 family income of the applicable State for a family of 4 or fewer individuals, plus $575
 per month for each individual in excess of 4.

- 4 -

the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. § 1325(b)(1).

The Code does not define projected disposable income.[4]  However, this court follows the forward looking approach of In re Kibbe based on the actual income of both below and above median income individuals, and rejects adoption of the holding by the Ninth Circuit in In re Kangenveama.

To determine the amount of the projected disposable income to be paid into the plan the debtors must deduct the allowable expenses. Disposable income is defined as the debtor's current monthly income minus the amounts reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor.  11 U.S.C. § 1325(b)(2).

Courts are mandated to determine the "amounts reasonably necessary" in accordance with § 707(b)(2)(A) and (B). The "means test" governs which expenses an above-median debtor may deduct in calculating disposable income. 11 U.S.C. § 1325(b)(3); 11 U.S.C. § 707(b)(2); In re Haley, 354 B.R. 340, 342 (Bankr. D.N.H. 2006).  Pursuant to § 707(b)(2)(A)(ii)(I),[5] the debtor's monthly expenses "shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified

---

[4]  What constitutes projected disposable income under 11 U.S.C. § 1325(b)(1)(B) is the subject of conflict between Circuits.  The forward looking approach adopted by the First Circuit BAP in In re Kibbe, 361 B.R. 302, has also been followed by In re Lanning, 545 F.3d 1269 (10th Cir. 2008) and In re Frederickson, 545 F.3d 652 (8thCir 2008).  However, the Ninth Circuit favored a "mechanical approach" in In re Kangenveama, 541 F.3d 868 (9th Cir. 2008).

[5] Section 707(b)(2)(A)(ii)(I) provides in pertinent part:

The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise a dependent. (Emphasis ours.)

- 5 -

as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides." 11 U.S.C. § 707(b)(2)(A)(ii)(I). The Local Standards "shall be" the expense amounts in Form B22C for expense amounts specified under the National Standards and Local Standards, irrespective of whether those are the debtor's actual expenses. In re Young, 392 B.R. 6, 22 (Bankr.Mass. 2008); Hildebrand v. Kimbro (In re Kimbro), 389 B.R. 518, 523 (B.A.P. 6th Cir. 2008). Debtors are entitled to actual monthly expenses only as to Other Necessary Expenses. In re Burbank, 401 B.R. 67 (Bankr. R.I. 2009).

The court finds that in a Chapter 13 case voluntary contributions to a 401k plan "are not property of the estate and do not constitute disposable income under section 1325(b)." In re Mati, 390 B.R. 11, 15 (Bankr. Mass. 2008); In re Njuguna, 357 B.R. 689 (Bankr. N.H. 2006).[6]

The court further finds future tax refunds are income that must be devoted to the plan as part of the projected disposable income during the commitment period. 11 U.S.C. § 1325(b)(2); In re Michaud, 399 B.R. 365 (Bankr. N.H. 2008). The tax refund becomes income when received and in the amount received. The amount must be paid into the plan shortly after receipt.

Confirmation of Chapter 13 Plan

The debtors have the burden of establishing that the proposed chapter 13 plan meets the requirements of 11 U.S.C. §§ 1322 and 1325. In re LaFata, 483 F.3d 13, 23 (1st Cir. 2007); In re Fantasia, 211 B.R. 420, 423 (B.A.P 1st Cir. 1997); In re Santiago, 404 B.R. 564, 570 (Bankr. S.D Fla. 2009). The debtors have failed to meet their burden. The debtors' failure is in part legal and in part a matter of facts that have not been presented to the court.

The debtors approach to calculate projected disposable income is rejected by the court.

---

[6] A Chapter 7 scenario would have prompted a different conclusion. In re Turner, 376 B.R. 370 (Bankr. N.H. 2007); In re Egebjerg, ___ F.3d ___, 2009 WL 1492138 (9th Cir. 2009).

- 6 -

Projected disposable income is a forward looking concept based on reality and not controlled by Form B22C. On the other hand, the expense component is controlled by Form B22C, in part by the National and Local Standards, and in part by actual expenses. The debtors have failed to detail the applicability of each and all expenses controlled by Form B22C. Moreover, evidence of the reasonability of actual expenses, when applicable, has not been presented to the court.

In conclusion, the debtors have failed to meet their burden that the proposed plan meets the requirements of 11 U.S.C. §§ 1322 and 1325. Consequently, confirmation is hereby denied.

SO ORDERED.

San Juan, Puerto Rico, this 22nd day of June, 2009.

ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge